UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
IVORY SHIRE,                                    MEMORANDUM DECISION
                                                              AND ORDER
                Plaintiff,                          02 civ. 6061 (GBD)

      - against -

SUPT. CHARLES GREINER, et al.,

               Defendants.
----------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

    *Pro se* plaintiff Ivory Shire brought this civil rights action, pursuant to 42 U.S.C. § 1983. He alleges that defendants were deliberately indifferent to his medical needs. He also alleges that they conspired and retaliated against him for complaining about an insect infestation in his cell. After discovery, defendants moved for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. The motion was referred by this Court to Magistrate Judge Frank Maas for a Report and Recommendation ("Report"). Magistrate Judge Maas recommended that the motion for summary judgment be granted. Plaintiff filed timely objections to the Report.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; Rivera v. Barnhart, 432 F.Supp.2d 271, 273 (S.D.N.Y. 2006). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp.2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

The Court is obligated to exercise "sound judicial discretion with respect to whether reliance should be placed on [the magistrate judge's] findings." Am. Express Int'l Banking Corp. v. Sabet, 512 F.Supp. 472, 473 (S.D.N.Y. 1981), aff'd, 697 F.2d 287 (2d Cir. 1982). The Court, however, "may adopt the uncontested portions of the report unless they show clear error." La Barbera v. A.F.C. Enterprises, Inc., 402 F.Supp.2d 474, 476-77 (S.D.N.Y. 2005) (citations omitted). With respect to the portions of the Report to which no objections were made, those findings are not clearly erroneous. As to the portions of the Report to which plaintiff objects, this Court has considered the objections and finds them to be without merit. The Report is adopted and defendants' motion for summary judgment is granted.

Plaintiff, currently an inmate at the Mid-State Correctional Facility, filed this action while he was incarcerated at the Green Haven Correctional Facility, alleging that his cell in Green Haven was infested with biting insects. Though staff members who inspected his cell found only a few fruit flies, plaintiff's cell was treated for infestation, he was allowed to change cells on eight occasions, and he was given various ointments and daily shower permits. Plaintiff contends that because the insect problem continued unabated, defendants were deliberately indifferent to his serious medical needs. Plaintiff also contends that staff members retaliated against him for his continued complaints by instituting several disciplinary actions against him that resulted in his repeated loss of privileges and confinement to keeplock.

In support of their motion for summary judgment, defendants argue that they are immune from suit, pursuant to the Eleventh Amendment to the United States Constitution, because the plaintiff has sued defendants in their official capacities. Defendants also argue that plaintiff is precluded from bringing this lawsuit because he has not exhausted his administrative remedies.

Magistrate Judge Maas found that the defendants were not being sued in their official capacities so that the Eleventh Amendment did not bar plaintiff's claims for monetary relief, and that defendants failed to meet their burden of proving that plaintiff had not in fact exhausted his administrative remedies.  Magistrate Judge Maas, however, recommended that defendants' motion for summary judgment be granted because plaintiff did not show that defendants were deliberately indifferent to his serious medical needs, that defendants retaliated against plaintiff, or that defendants conspired to retaliate against plaintiff.

Plaintiff objects to the Report's ultimate recommendation to grant summary judgment.  He argues that since he hasn't had any issues with bugs or disciplinary infractions at his new facility, it demonstrates that his continued complaints were justified and that defendants did retaliate against him.  He also states that his requests for treatment for a prior back and hip injury went unacknowledged by the Green Haven staff for two-and-one-half years, apparently in an attempt to show a pattern of indifference towards his medical needs.

Summary judgment is appropriate when the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  A genuine issue of fact exists if, based on the record as a whole, a reasonable trier of fact could return a verdict for the non-moving party.  Parks Real Estate Purchasing Group v. St. Paul Fire & Marine Ins. Co., 472 F.3d 33, 41 (2d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)).  In determining whether a genuine issue of material fact exists, a court must resolve all ambiguities and draw inferences against the moving party.  Id. (citing U.S. v. Diebold, 369 U.S. 654 (1962)).  It is not sufficient for a non-moving party to rely on "conclusory statements" to defeat summary judgment.  Ying Jing Gan v. City of New York, 996 F.2d 522, 532

(2d Cir. 1993).

To prove deliberate indifference to serious medical needs, a plaintiff must first allege a "sufficiently serious deprivation of medical treatment." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). This deprivation must be reasonably likely to result in death, degeneration, or extreme pain. Id.; see also Harrison v. Barkley, 219 F.3d 132 (2d Cir. 2000). Next, the plaintiff must allege facts "tending to show that the defendant acted with a sufficiently culpable state of mind." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Disputes about the proper course of treatment do not create a constitutional claim, and "[s]o long as the treatment given is adequate, the fact that the prisoner might prefer a different treatment does not give rise to an Eight Amendment violation." Chance v. Armstrong 143 F.3d 698, 703 (2d Cir. 1998).

In order to establish a claim of retaliation, the plaintiff must show that he engaged in speech or conduct that is protected, that the defendant took adverse action against the plaintiff, and that there is a causal connection between the protected speech or conduct and the adverse action. Davis v. Goord, 320 F.3d 346, 352 (2d Cir. 2003). An adverse action is "retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." Davis, 320 F.3d at 353 (quoting Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2001)). Prisoners' claims of retaliation are reviewed with care and skepticism because of "both the near inevitability of decisions and actions by prison officials to which prisoners will take exception and the ease with which claims of retaliation may be fabricated . . . ." Colon v. Coughlin, 58 F.3d 865 (2d Cir. 1995).

In this case, the plaintiff has not established any genuine issue of material fact to support the allegations raised in his complaint. Plaintiff has not shown either that his itching from insect

4

bites were serious enough to cause death, degeneration, or extreme pain if not addressed, or that defendants deliberately deprived plaintiff of requested medical treatment. In fact, the record shows that defendants made numerous attempts to address plaintiff's complaints. The record also shows that the disciplinary actions taken against plaintiff resulted from his behavior at the facility which included, among other things, charges of possessing flammable material and assaulting another inmate. Moreover, several of the charges against plaintiff were eventually dismissed by some of the defendants plaintiff alleges retaliated against him. While disciplinary actions such as keeplock are considered adverse actions, see Gill v. Pidlypchak, 389 F.3d 379 (2d Cir. 2004), the record does not show that the disciplinary actions were causally connected to plaintiff's complaints of bug infestation.

The Court adopts Magistrate Judge Maas's Report and Recommendation. Defendants' motion for summary judgment is granted.

Dated: New York, New York
March 15, 2007

SO ORDERED:

GEORGE B. DANIELS
United States District Judge

5